**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN THE MATTER OF:
HAITHAM MASRI

        Debtor.                                              Chapter 7 Case No. 10-61010

_____ /

BIG O TIRES, LLC.

        Plaintiff,

v.                                                               Civil Case No. 11-CV-14810
                                                               Honorable Denise Page Hood

HAITHAM MASRI

        Defendant.
_____ /

**MEMORANDUM OPINION**

**I.    BACKGROUND**

On November 1, 2011, Haitham Masri, the debtor in the underlying bankruptcy matter, filed a Notice of Appeal from the Bankruptcy Court's Order granting the Appellee Big O Tires, LLC's Motion for Summary Judgment under 11 U.S.C. § 523(a)(2)(A). The Debtor and Appellee submitted briefs on appeal.

The underlying facts involve Debtor's former business U.S. Autocare, LLC. Debtor guaranteed loans to Big O Tires. He signed his then wife's name, Dr. Fatima Masri, onto the documents. Dr. Masri was not present when the documents were signed. In 2005, U.S. Autocare defaulted on the loans and filed Chapter 7 Bankruptcy. Big O Tires filed an action against Debtor and Dr. Masri in Colorado in the action *Big O Tires, Inc. v. Haitham Masri*, Case No. 05-cv-

1

9761. The Colorado District Court entered judgment against Debtor for $1,928,083.52 and against Debtor and Dr. Masri, jointly and severally, for $17,278.95. [Colorado Order Entering Judgment in Favor of Plaintiff and Against Defendants, No. 05-CV-9761, Docket No. 2, p. 17]. The Colorado Court noted that Debtor made "false representations…and [committed] actual fraud … by signing Fatima Masri's name on several Personal Guaranties in order to obtain property, services and an extension, renewal, or refinancing of credit from Big O." *Id.*

On July 29, 2010, Debtor filed a complaint for Chapter 7 Bankruptcy. On October 4, 2010, Big O Tires filed a Complaint to Determine Exception to Discharge of Indebtedness under 11 U.S.C. § 523. [Rec. Bankr. No. 10-06901, Docket No. 1]. Big O Tires filed a Motion for Summary Judgment on July 5, 2011. The Bankruptcy Court granted summary judgment in Big O Tires' favor holding that collateral estoppel applied to the Colorado judgment as to 11 U.S.C. § 532(a)(2)(A).

## II. ANALYSIS

The district court has appellate jurisdiction over final orders from the bankruptcy court in core proceedings. 28 U.S.C. §§ 157(b)(1), 158(a)(1). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476-77 (6th Cir. 1996); Bankr. R. 8013. Where a bankruptcy court's determination involves a mixed question of fact and law, the district court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs. Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997) (quoting *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993)).

Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56 into bankruptcy proceedings. As such, the movant has the burden of showing that summary judgment is appropriate. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The court must consider evidence in the light most favorable to the nonmoving party. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). Summary judgment will "be granted against a party, who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corporation v. Catrett*, 477 U.S. 317, 391 (1986). A material fact is genuine, and therefore the case is not appropriate for summary judgment, if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 248 (1986).

11 U.S.C. § 523(a)(2)(A) excepts from discharge debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud…" A creditor must demonstrate that:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
> (2) the debtor intended to deceive the creditor;
> (3) the creditor justifiably relied on the false representation; and
> (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-281 (6th Cir. 1998). The creditor must prove each element of its claim for exception by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). All exceptions to discharge must be strictly construed against the creditor. *In re Rembert*, 141 F.3d at 281.

The application of collateral estoppel is appropriate when determining whether an exception to 11 U.S.C. § 532 applies. *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981); *see also Grogan,* 498 U.S. at 284, n.11. "Collateral estoppel is applied to encourage the parties to present their best arguments on the issues in question in the first instance and thereby save

3

judicial time." *Spilman*, 656 F.2d at 228. Collateral estoppel bars relitigation of an issue that was actually raised and litigated in a prior proceeding and that the determination of was essential to the final judgment. *Id.*

Here, it appears that collateral estoppel applies to the claim of discharge under 11 U.S.C. § 532(a)(2)(A). The one area of contention upon appeal is whether the Colorado court considered Big O's reliance when entering judgment against Debtor. The Court finds that it did.

At least one Colorado court has determined that fraud under Colorado law meets the elements of discharge under 11 U.S.C. § 532(a)(2)(A). *See Denbleyker National Development Services Inc. v. Denbleyker*, 251 B.R. 891 (Colo. Bankr. Ct. 2000). Although the issue of whether reliance was actually considered and decided was not at issue, the bankruptcy court nevertheless found that the underlying Colorado State Court judgment was sufficient to meet the elements of 11 U.S.C. § 532(a)(2)(A). *Id.* at 898-89. In addition, despite Debtor's argument that Colorado does not require justifiable reliance to prove fraud, it appears that Colorado in fact does. A claim for fraud in Colorado requires:

> (1) A false representation of a material existing fact, or a representation as to a material existing fact made with a reckless disregard of its truth or falsity; or a concealment of a material existing fact, that in equity and good conscience should be disclosed.
> (2) Knowledge on the part of the one making the representation that it is false; or utter indifference to its truth or falsity; or knowledge that he is concealing a material fact that in equity and good conscience he should disclose.
> (3) Ignorance on the part of the one to whom representations are made or from whom such fact is concealed, or the falsity of the representation or of the existence of the fact concealed.
> (4) The representation or concealment made or practiced with the intention that it shall be acted upon.
> (5) *Action on the representation or concealment resulting in damage*.

*Morrison v. Goodspeed*, 68 P.2d 458, 462 (Colo. 1937); *see also Wheeler v. Dunn*, 22 P. 827, 833 (Colo. 1889). The "action on the representation" requires justifiable reliance. *See M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994) ("To establish fraud, the

respondents had to prove that… the respondents have the right to rely on, or were justified in relying on, the misrepresentation"); *Zimmerman v. Loose*, 425 P.2d 803, 807 (Colo. 1967) ("Then, the party claiming the fraud must have relied upon the representations, have had the right to rely on them, have acted in accordance with the reliance and in doing so have been damaged") (citing Morrison); *Barfield v. Hall Realty, Inc.*, 232 P.3d 286, 290 (Colo. Ct. App. 2010) ("To establish fraud, a plaintiff has to prove that… the plaintiff relied on the misrepresentation") (citing *Morrison*); *Hart v. Ed-Ley Corp.*, 482 P.2d 421 (Colo. Ct. App. 1971) ("The purchaser must be in ignorance of this material fact, and act in justifiable reliance upon this misrepresentation to his detriment") (citing *Morrison*).

It is apparent from a reading of Colorado law, that fraud requires proof of justifiable reliance and that the Colorado court considered such reliance when determining that Debtor had committed "actual fraud…by signing [his wife's] name on several Personal Guaranties in order to obtain property, services, and an extension, renewal or refinancing of credit from Big O." [Colorado Order Entering Judgment in Favor of Plaintiff and Against Defendants, No. 05-CV-9761, Docket No. 2, p. 17]. It also apparent that its determination that Big O had justifiably relied on the forged signature was essential to the final outcome. *See Spilman*, 656 F.2d at 228 ("before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue was actually litigated and was necessary to the decision in the state court.") The Bankruptcy Court noted that the only issue before it was whether collateral estoppel applied to the Colorado State Judgment as to 11 U.S.C. § 532(a)(2)(A). *Big O Tires, Inc. v. Haitham Masri*, No. 10-6901, Docket No. 44, p. 9 (Bankr. E.D. Mich. Sept. 13, 2011). Applying the elements of collateral estoppel, the Bankruptcy Court found that it could not relitigate issues related to fraud under § 532(a)(2)(A) of the Bankruptcy Code. *Id.* at 13. The Bankruptcy Court further found that

the same factors and issues were plead and litigated in the State Court action. *Id.* at 14. The Bankruptcy Court relied on portions of the Colorado transcript where the State Court Judge noted that Debtor did not inform Big O that he did not have authority to sign for Dr. Masri and that the act of signing for someone's spouse "creates a representation that you have the authority to [sign]..[a]nd …[to] allow the other party to continue to believe [the Debtor has authority to sign]…is a misrepresentation." *Id.* at 16-17; 18-19. The Bankruptcy Court further noted that the Colorado State Court found that it was Debtor's intention to restructure the note when he signed for his wife. *Id.* at 17-19.

Such language indicates that there was reliance. Debtor signed for his wife without informing Big O that he did not have the authority to do so. Debtor's intention was to restructure the Note. This would not have taken place absent the signature of both Debtor and Dr. Masri. It follows that by signing for Dr. Masri without informing Big O that he did not have authority to do so, Debtor intentionally made a false representation of a material fact which he knew Big O would rely and act upon. Coupled with the fact that Big O required Dr. Masri's signature, this shows that Big O relied on the signature to either be made by Dr. Masri or by someone who had authority to sign for her. It is clear from a reading of Colorado law, the Colorado State Court proceedings, and the Bankruptcy Court proceedings that there was a finding of reliance sufficient to meet the standards of 11 U.S.C. § 532(a)(2)(a). Collateral estoppel applies to Debtor's claims and he is foreclosed from relitigating these issues a second time.

### III. CONCLUSION

**IT IS ORDERED** that the Bankruptcy Court's order granting summary judgment is **AFFIRMED**.


DATED:  June 29, 2012 　　　　　　　　　　　s/Denise Page Hood
　　　　　　　　　　　　　　　　　　　　　　DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　　　　United States District Judge


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 29, 2012, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　　　　s/Tanya Bankston for LaShawn Saulsberry
　　　　　　　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160

7